NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARL DOUGLAS WILKINS, | No. 17-35657 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00319-SB |
| v. | |
| COLETTE PETERS, Director, Oregon Dept. Of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Earl Douglas Wilkins, an Oregon state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation, deliberate indifference to his serious medical needs, and due process

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (exhaustion); *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment on Wilkins's retaliation claims because Wilkins did not exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (a prisoner must exhaust administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Wilkins's deliberate indifference claim because Wilkins failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his ankle injury. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; neither medical malpractice nor negligence amounts to deliberate indifference).

17-35657

The district court properly granted summary judgment on Wilkins's due process claims arising from defendant Nofziger's decision not to call a witness at Wilkins's disciplinary and sanctions hearings because Wilkins failed to raise a genuine dispute of material fact as to whether that witness would have provided any relevant, non-cumulative evidence. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) ("Prison officials must have the necessary discretion . . . to refuse to call witnesses [for reasons such as] irrelevance [or] lack of necessity . . . ."). Because defendants afforded Wilkins a disciplinary hearing as well as administrative review, Wilkins received all the process he was due. *See id.* at 564-67 (prison officials must provide advance written notice of the claimed violation; a written statement as to the evidence relied upon and the reasons for the disciplinary action taken; and a limited right for inmates to call witnesses and present documentary evidence in their defense); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . .").

The district court did not abuse its discretion in denying Wilkins's motion to appoint counsel because Wilkins failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of

17-35657

review and exceptional circumstances requirement for appointment of counsel).

The district court did not abuse its discretion in denying Wilkins's motion to appoint an expert because the deliberate indifference claim was not so complex as to require an independent expert. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

We reject as unsupported by the record Wilkins's contentions that the district court did not liberally construe his pro se pleadings, and that the district court applied the wrong standard of review in reviewing the magistrate judge's findings and recommendations.

**AFFIRMED.**